**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZOILA DEL CARMEN DERAS-ROMERO,<br><br>           Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 09-72912<br><br>Agency No. A099-529-866<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

    Zoila Del Carmen Deras-Romero, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her application for asylum

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence, *Ochave v. INS*, 254 F.3d 859, 861-62 (9th Cir. 2001), and we deny the petition for review.

We reject Deras-Romero's contention that she is eligible for asylum based on her membership in a particular social group, namely young Salvadoran women who refuse to assist gangs. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a social group "young men in El Salvador resisting gang violence."). Further, Deras-Romero did not demonstrate that the gang members' threats and other criminal acts against her were motivated by political opinion, social group, or any other protected ground. *See Ochave*, 254 F.3d at 865-66 (no nexus between rape by guerillas and any protected ground); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Because Deras-Romero failed to satisfy the lower standard of proof for asylum, she necessarily fails to satisfy the more stringent standard for withholding of removal. *See Ochave*, 254 F.3d at 868.

**PETITION FOR REVIEW DENIED.**